(No. 88-CC-4515–)

WALTER MONTGOMERY, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 21, 1991.*

WALTER MONTGOMERY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (TERRY ROCK and PHILLIP McQUILLAN, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damages against the Respondent due to personal injuries allegedly sustained when Respondent's agent "rapped" the bars with a "steel bar" to determine whether the bars were intact and not tampered with, and a piece of debris or dried paint struck Claimant's left eye causing him excruciating pain. Claimant was immediately treated by the Menard health care unit for a "superficial corneal abrasion."

At the hearing in this cause, Claimant testified that the incident occurred on July 26, 1986, at about 6:30 p.m. Claimant was in his cell at the time and was waiting for ice to be passed out. Claimant alleged that he was eager for the ice "to get there" and was watching for the ice

delivery when he noticed Respondent's agent coming from the opposite direction. Claimant's face and eyes "might have been at least a foot away" from the bars as they were struck by Respondent's agent. Claimant's left side of his face was toward the bars and he could hear Respondent's agent rapping the bars of cells adjacent to his cell as he approached. This "rapping" occurs practically every day. The bars of Claimant's cell were painted gray. Claimant contends that at the time his eye was struck, he grabbed his eye and hollered. Soon afterwards, Respondent's agent took Claimant to the health care unit. Claimant stated that he thought the injury was more serious than it turned out to be. At the time of the injury, Claimant thought "my eye was out." Claimant believed he was hit in the eye with paint from the bars that were struck because his injury was simultaneous with the striking of the bars on his cell. Claimant stated that at no time were the inmates warned to retreat to the back of their cells during the "rapping" procedure which involved striking the cell bars with a steel bar 12 or 18 inches long. The striking of the steel bar against cell bars generates a loud sound. In the process of "rapping" the cell bars, the bars are struck with such force that if the bar has been tampered with or sawed, the bar "will give some indication with the strike."

Claimant's eye was examined at the Menard medical unit and treated with a tube of ointment and a patch over his eye. The pain began to subside later that night and was completely gone some later time far into the night of the incident. Claimant wore the patch about seven days. The medical department kept checking his eye. Claimant was sent to a specialist who recommended that he continue his eye drops. Claimant's vision was not impaired in any way from the injury nor does he anticipate the need for further medical treatment.

Claimant was treated for approximately seven days and he has no complaint about the treatment he received. Claimant proved by a preponderance of the evidence that he was struck in the left eye by a loose particle or chip which broke free from the impact between a steel bar wielded by Respondent's agent to the cell bars of his cell as part of a security routine to test whether or not cell bars were firmly secure. The cell bars are made of metal and covered by dried paint. Violently striking painted metal bars together in close physical proximity to a person's face is negligent. The Claimant was injured as a direct and proximate result of the negligence of Respondent's agent. If Respondent's agent was unaware of the proximity of Claimant's face to the metal bars being violently struck, then the negligence lies in failing to see and observe that which a reasonably prudent person would have seen and observed if engaged in striking metal bars violently against each other in the physical proximity to other persons. It is reasonable to conclude that Respondent's agent was aware that there were prisoners in close proximity to, the area where Respondent's agent was striking metal bars against each other. It seems neither unreasonable nor even mildly difficult to observe how far the inmates are from the metal bars being struck violently together before the testing procedure is commenced. On the other hand, if Respondent's agent was aware of the close proximity of Claimant's face to the area where the bars would be violently struck, then the negligence lies in having performed the task without requiring the inmate to remove himself from the close proximity of the area where the bars were being tested.

Although no permanent injury has been proven, or even alleged, there is no dispute that Claimant suffered the onset of considerable pain over what was thankfully

a brief period of time. Thereafter, Claimant treated the corneal abrasion which he sustained for approximately one week. There are no special damages in this case.

Taking into account the nature, extent and duration of the injury, and the pain and suffering occasioned by the Claimant as a result of the injury sustained, that Claimant be awarded the sum of $350.00.

It is hereby ordered that Claimant be awarded the sum of $350.00 in full and complete satisfaction of this claim.